## O'BRIEN, Admr. et v NORWOOD

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5842. Decided June 24, 1940.

Paul A. O'Brien, Cincinnati, for appellants.

J. G. Williams, Cincinnati, and Robert F. Badgley, Cincinnati, for appellee.

## OPINION

BY THE COURT:

This is an appeal on law and fact from the Common Pleas Court of Hamilton. County, Ohio. The action seeks to enjoin the prosecution of another action in the same court to recover possession of certain real estate. The basis upon which the injunction is sought is, that the action is a vexatious attempt to relitigate issues that have already been finally determined adversely to the defendant in another action between the same parties.

We deem it unnecessary to determine whether the issues raised in the action sought to be enjoined are res adjudicata, as we are of the opinion that, even assuming such to be the case, the plaintiff has failed to show a case for maintaining an independent action to enjoin the action.

Under our system of pleading, the plaintiff in this action may assert as a defendant and cross-petitioner all his right based on the former judgment that he could in this independent action.

By §11315 GC, it is provided that:

"The defendant may set forth in his answer as many grounds of defense, counter-claim and set-off as he may have, whether such as heretofore have been denominated legal or equitable, or both. But the several defenses must be consistent with each other, and each must refer in an intelligible manner to the cause of action which it is intended to answer."

Under the broad sweep of this section, the plaintiff in this case, may as a defendant in the other action, assert his claim of res adjudicata to defeat the cause of action of the plaintiff, and, may secure an injunction against future actions as fully and to the same extent as the court would be justified in granting in this action.

For these reasons, we conclude that the plaintiff has failed to establish a case for relief in this action and that the action should be dismissed at the cost of the plaintiff.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.